## 33482. MONTGOMERY v. THE STATE.

JORDAN, Justice.

Appellant Calvin Montgomery appeals his conviction for murder and sentence of life imprisonment. We affirm.

The material facts of this case as presented by the testimony of the appellant and two eyewitnesses are undisputed. Appellant, the victim, James Hutchins and Alvin West were engaged in gambling when a dispute arose between appellant and the victim in a crap game over whether the point was nine or ten. Appellant drew a pistol on the unarmed victim who then threatened to arm himself with a shotgun. As the victim ran from the room, appellant fired two shots into his back which resulted in the victim's death. After the shooting, appellant fled to Atlanta where he subsequently turned himself in to the Atlanta Police Department. After being advised of his

constitutional rights, the appellant gave a voluntary statement of his actions.

1. Appellant's first enumeration of error is that the trial court erred in failing to charge the jury as to the law of circumstantial evidence. Counsel for the appellant made no requests to charge and no objections to the charge. "A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon." *Williams v. State,* 196 Ga. 503 (1) (26 SE2d 926) (1943). In this case the jury heard direct evidence which included the testimony of two eyewitnesses, James Hutchins and Alvin West, and a confession by appellant consistent with these witnesses' testimony. Clearly, a charge on the law of circumstantial evidence was not warranted in light of this direct evidence.

2. Appellant alleges that the evidence authorized the jury to find him guilty of the lesser crime of voluntary manslaughter and that the trial court erred in failing to charge the jury on voluntary manslaughter. Counsel for appellant made no request for charge on voluntary manslaughter. The failure to charge on a lesser included offense, without request, is not error. *Jackson v. State,* 239 Ga. 40 (235 SE2d 477) (1977).

3. Appellant also alleges that the court's charge on flight was confusing and, therefore, harmful. It is uncontradicted that evidence of appellant's flight was present throughout the trial, and that this evidence authorized an instruction on flight. Evidence of flight presents an issue for the jury, and the trial court correctly charged the jury that they were to determine if there was flight, that a defendant's flight was subject to explanation and that they were to consider whether or not they would draw an inference of guilt from flight. *Holsey v. State,* 235 Ga. 270, 272 (219 SE2d 374) (1975).

4. In his final enumeration of error, appellant contends that the court erred when it did not instruct the jury that when a defendant was given his constitutional rights in the form of a Miranda warning that he must also be advised that he has the right to stop answering questions at any time after he has started answering questions. For a statement to be voluntary, the arresting authorities are not required to advise a suspect that he

may stop the questioning at any time. *Ingram v. State,* 134 Ga. App. 935, 938 (216 SE2d 608) (1975), cert. den., 424 U.S. 914 (1976). Additionally, appellant testified that the statement he made to the police was voluntary and truthful.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1978 — DECIDED JUNE 8, 1978.

*Ben Lancaster,* for appellant.

*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.