## 55844. CHRISTOPHER v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for the offense of murder, convicted of voluntary manslaughter, and sentenced to serve a term of 10 years. Defendant appeals. *Held:*

1. When the police were called to the home of the deceased by the defendant she admitted to the officer that she had shot her husband, contending that she did so because of undue harrassment. However, during the trial when she testified as a witness her testimony was that he attempted to force her to perform an unnatural sex act upon him which she refused to do and thereafter she obtained a shotgun; contending that she did not intend to use the gun on him, that she did not check it to see if it was loaded, nor did she know whether it was cocked; that he then attempted to assault her the second time, she did not

remember pulling the trigger, but it "just went off." The stepson of the victim and the son of the defendant testified that he heard arguing and noises during the night, then a shot. The coroner was called as a witness who testified he was a doctor of internal medicine and the coroner of Chatham County. His qualifications as an expert (a physician) were then stipulated. He then testified: He had occasion to see the body of the deceased at a hospital morgue; made a preliminary inspection of the body; his inspection revealed a gaping wound over the lower end of the breastbone, rather jagged and sizable "between the size of a quarter and a fifty cent piece," and "it appeared to be that of a shotgun blast." A probing of the wound revealed that there was shotgun wadding within the wound, which was removed, and an autopsy was performed on the body. He then read a letter as to his findings which were that, "[t]he cause of death was massive laceration of the heart due to gunshot wound, shotgun wound." He then testified the cause of death was "[p]enetration of the heart by a shotgun blast." However, on cross examination he testified that he did not examine the heart but that his opinion was based on the direction of the shotgun blast, "and my knowledge of where the heart was." Further, on cross examination, he admitted that he did not stay for the autopsy. At no time did the coroner testify as to the statements and conclusions made by a pathologist, nor did the court, as alleged, allow him to read into the record the conclusions of the pathologist. The record does not disclose this, although the witness did read into the record a certificate which reflected "his findings." There is no merit in the first complaint.

2. The defendant freely and voluntarily admitted that she had shot her husband. There was other evidence and testimony that her husband died of a shotgun wound. She admitted she shot him with a shotgun, albeit her contentions were that it was accidental and/or to defend herself from an unnatural sexual act. Consequently, the motion to dismiss at the close of the state's evidence "for failure to prove a prima facie case of corpus delicti" is not well taken. There is no merit in this complaint.

3. Based upon the defendant's own testimony as to the circumstances surrounding the shooting which

resulted in the death of the deceased the court did not err in charging the jury on voluntary manslaughter. There is no merit in the conclusion that the court erred in charging the jury on voluntary manslaughter inasmuch as there was some evidence from which the jury might determine and did determine that the defendant was guilty of voluntary manslaughter rather than murder. See *Gainey v. State,* 132 Ga. App. 870 (1) (209 SE2d 687) and cits.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED MAY 4, 1978 — DECIDED JUNE 22, 1978.

*Elmer Young, Adam P. Cerbone,* for appellant.
*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Assistant District Attorney,* for appellee.