## 57374. PITTMAN v. THE STATE.

SMITH, Judge.

We affirm appellant's conviction of credit card theft.

1. Appellant raised no objection to the manner of conducting voir dire or to the admission of state's exhibit 1, and thus he will not be heard to raise appellate contentions about those matters. *Sanders v. State,* 134 Ga. App. 825 (1) (216 SE2d 371) (1975).

2. The court's charges on recent possession and on the jury's duty to reach a verdict were in accordance with the law. *Carpenter v. State,* 140 Ga. App. 368 (2) (231 SE2d 97) (1976); *Hardy v. State,* 242 Ga. 702 (4f) (251 SE2d 289) (1978). The enumerations of error concerning those charges are therefore meritless.

3. Because there was substantial direct evidence of appellant's commission of the crime charged, it was not error for the court to fail to charge on circumstantial evidence. " 'A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon.' " *Montgomery v. State,* 241 Ga. 396, 397 (245 SE2d 652) (1978).

4. The trial court did not err in admitting in-court identifications by two witnesses, gas station attendants in whose presence appellant used the stolen card. See *Talley v. State,* 137 Ga. App. 548 (2) (224 SE2d 455) (1976) and *Heyward v. State,* 236 Ga. 526 (1) (224 SE2d 383) (1976). Even assuming that the photographic display was impermissibly suggestive, in light of the totality of the circumstances there was not a substantial likelihood of misidentification.

6. Contrary to appellant's contention, his trial counsel's decision not to put appellant on the witness stand does not require this court to reverse due to ineffectiveness of counsel. *Johnson v. Caldwell,* 228 Ga. 776 (1) (187 SE2d 844) (1972).

7. It was not necessary for the state to present testimony from the title owner of the stolen credit card. Testimony of the bailee was sufficient. *Garrett v. State,*

147 Ga. App. 666 (1) (250 SE2d 1) (1978). The evidence established every element of the crime charged, and the general grounds are without merit. It follows that the trial court did not err in denying appellant's motion for a directed verdict.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED APRIL 30, 1979 —

*William L. Henderson,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Victor Alexander, Jr., Assistant District Attorneys,* for appellee.