## 59048. LANE v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for murder. He was then tried and convicted of voluntary manslaughter and sentenced to serve a term of 18 years. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. There was testimony here that the defendant and a woman were involved in a "scuffle." The defendant obtained a pistol and allegedly fired at her. The defendant was the only one in the room with a gun and testified that he fired the pistol into the wall. Another defense witness testified that she saw the defendant shoot into the wall and did not see or know how the victim was shot while in the bedroom. However, there was sufficient testimony for the jury to determine that the deceased was shot by the defendant resulting from defendant's argument and scuffle with his girlfriend in which he fired a pistol, killing the victim. The crime laboratory evidence discloses that the lethal shot came from the defendant's gun. The jury was authorized to infer from the state's evidence that the deceased died under circumstances which would otherwise be murder except that the jury determined the defendant acted solely as the result of a sudden, violent and irresistible passion, "resulting from serious provocation sufficient to excite such passion in a reasonable person." See Code Ann. § 26-1102 (Ga. L. 1968, pp. 1249, 1276); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1).

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could readily have found the defendant guilty beyond a reasonable doubt of the offense of voluntary manslaughter. The general grounds of the motion for new trial are not meritorious.

2. The evidence was ample to authorize a charge on voluntary manslaughter since the evidence was such that the jury might determine the defendant guilty of voluntary manslaughter rather than murder. *Christopher v. State,* 146 Ga. App. 386, 387-388 (2, 3) (246 SE2d 415); *Gainey v. State,* 132 Ga. App. 870 (1) (209 SE2d 687).

3. Where there is some direct evidence involved in the case it is not error to fail to charge on circumstantial evidence. *Allen v. State,* 150 Ga. App. 109, 110 (3) (257 SE2d 5); *Nance v. State,* 239 Ga. 381, 382 (1) (236 SE2d 752); *Pittman v. State,* 149 Ga. App. 729 (3) (256 SE2d 67); *Montgomery v. State,* 241 Ga. 396, 397 (1) (245 SE2d 652). Compare *Hawes v. State,* 240 Ga. 327, 330 (II (3)) (240 SE2d 833).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 27, 1980.

*Daniel Kane,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.