63212. WALKER et al. v. THE STATE.

SOGNIER, Judge.

Armed robbery. Johnny Walker and John Henry Walker appeal on the general grounds, and also contend the trial court erred by failing to charge on circumstantial evidence after the sole witness presenting direct evidence was impeached.

1. On the afternoon of December 29, 1979 McDaniel's Grocery in Tazewell, Georgia was robbed at gunpoint by two men. The store also contained the local post office and was a place where customers could pay bills to the Flint Electric Membership Company. Money belonging to the store, the post office, the electric company and individuals present was taken by the robbers. One of the two robbers, Willie Goodroe, testified for the state that he, Andrew Spears, and the two appellants planned the robbery at Johnny Walker's house in Atlanta. They drove to Tazewell in John Henry's car, and Goodroe and Spears robbed the store while appellants waited in the car behind the store. After the robbery the four men returned to Atlanta and divided the money. Goodroe testified that John Henry Walker gave him (Goodroe) the gun he used, and Johnny Walker gave Spears the gun he used. Helen Smith, Johnny Walker's girlfriend, testified that the night before the robbery she was present and heard the four men plan the robbery; that the four men left the following morning; and that they returned about 5:30 the same evening. The two guns used in the robbery were found by the police in a car registered to Johnny Walker; the car had been reported stolen and was recovered by the police in January 1980.

John Henry Walker's wife, Johnny Walker's sister-in-law and Carlton Spears all testified that the Walkers were in Atlanta during the day the robbery occurred in Tazewell. Albert Spears, one of the two men who actually robbed the store, testified that the Walkers did not participate in the robbery and did not go to Tazewell with Spears and Goodroe. Spears testified the two other men in the car were James Taylor and Walter Mason. Spears had made a prior inconsistent statement to a GBI agent implicating the Walkers.

The evidence related above is more than sufficient to support the verdict. Although appellants contend Goodroe was impeached by evidence of bad character, no such evidence was presented. Further, the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellants, relying on *Gibson v. State,* 150 Ga. App. 718, 719 (6) (258 SE2d 537) (1979), contend it was error to fail to charge the jury on circumstantial evidence, even absent a request, because the sole witness presenting direct evidence of the robbery (Goodroe) was impeached. Thus, argue appellants, the only evidence was circumstantial and the court was required to charge the jury on circumstantial evidence. We do not agree.

In *Gibson,* the only direct evidence that the defendant committed the crime charged was the testimony of one witness, and her testimony was impeached by proof of prior contradictory statements. In the instant case, however, Goodroe was not impeached by evidence of bad character or prior convictions, nor was there any evidence of a prior inconsistent statement. Further, in addition to the direct testimony of Goodroe as to appellants' participation in the robbery, Helen Smith presented direct evidence that appellants took part in planning the robbery. It is well-settled that "[w]here there is some direct evidence involved in the case it is not error to fail to charge on circumstantial evidence." *Lane v. State,* 153 Ga. App. 622, 623 (3) (266 SE2d 298) (1980); *Allen v. State,* 150 Ga. App. 109, 110 (3) (257 SE2d 5) (1979); *Montgomery v. State,* 241 Ga. 396, 397 (1) (245 SE2d 652) (1978). Thus, the rule set forth in *Gibson* has no application to the facts of the instant case. Even were we to assume that doubt had been cast on Goodroe's testimony, the weight to be given such testimony and the credibility of Goodroe were for the jury's determination. *Armour,* supra. As to Goodroe's role as an accomplice, the trial judge charged fully and correctly on accomplice testimony. See, generally, Code § 38-121; *Sconyers v. State,* 67 Ga. App. 902, 908 (5) (21 SE2d 504) (1942).

Lastly, we point out that in addition to the direct testimony of Goodroe and Smith, evidence was elicited that Spears, one of the robbers, had made a prior inconsistent statement to a GBI agent implicating appellants in the robbery. Our Supreme Court has held recently that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982). Thus, there was direct evidence from two witnesses other than Goodroe. Under such circumstances, a charge on circumstantial evidence, absent a request, was not required. *Lane v. State,* supra.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 21, 1982.

H. *Haywood Turner III,* for appellants.
*William J. Smith, District Attorney,* for appellee.