## 64530. PAYNTER v. THE STATE.

CARLEY, Judge.

Appellant was indicted for murder and convicted of voluntary manslaughter. In his instructions to the jury, the trial judge gave a charge both on murder and voluntary manslaughter. The appellant objected to the giving of an instruction on voluntary manslaughter on the ground that there was no evidence which would authorize such a charge. Appellant contended that, under the evidence adduced at trial, he was either guilty of murder or he was innocent of any offense. During its deliberations, the jury requested that certain portions of the charge be repeated and the trial judge re-charged on voluntary manslaughter. Appellant again objected. Appellant's sole contention of error is that there was no evidence authorizing a charge on voluntary manslaughter.

The evidence shows that the victim and two others went to the house owned by appellant's parents. The purpose of the visit was to collect a drug debt allegedly owed by appellant's brother. Appellant, having been awakened by someone entering the home, grabbed a shotgun and went downstairs to confront the group. There is a conflict in the evidence as to what actually occurred before the victim was shot in the back by the gun held by appellant. The state's witnesses testified that after appellant confronted the three men, there was a heated discussion concerning the money owed, and as the three men turned to leave, the gun went off. Appellant testified that as he first entered the room, he was struck by one of the men and the gun he was holding accidentally discharged. However, appellant also contended that the incident was "self defense," in that "the man was beating [him] up," and there "was three of them." This latter version was also supported by a statement made by a state's witness immediately after the incident that appellant was struck by one of the men before the gun discharged.

It has long been held that " '[o]n the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given.' [Cits.]" *Holmes v. State,* 162 Ga. App. 717, 718 (293 SE2d 16) (1982). *Ward v. State,* 151 Ga. App. 36 (1) (258 SE2d 699) (1979).

Appellant correctly asserts that "words alone, regardless of the degree of their insulting nature, 'will [not] in any case justify the excitement of passion so as to reduce the crime from murder to manslaughter, where the killing is done *solely on account of the indignation aroused by the use of opprobrious words.' " Brooks v. State,* 249 Ga. 583, 586 (292 SE2d 694) (1982). *Coleman v. State,* 149

Ga. 186, 188 (99 SE 627) (1919). However, in the instant case there was testimony that appellant was struck by one of the three men. Therefore, there was evidence from which the jury could decide that, prior to the discharge of the weapon, appellant was provoked by more than "words alone." "There is no merit in the conclusion that the court erred in charging the jury on voluntary manslaughter inasmuch as there was some evidence from which the jury might determine and did determine that the defendant was guilty of voluntary manslaughter rather than murder." *Christopher v. State,* 146 Ga. App. 386, 388 (246 SE2d 415) (1978). See also *Hill v. State,* 155 Ga. App. 718, 719 (3) (272 SE2d 508) (1980); *Butts v. State,* 126 Ga. App. 512 (7) (191 SE2d 329) (1972). Compare *Holmes v. State,* supra. After a careful examination of the record, we hold that there was sufficient evidence to authorize a charge on voluntary manslaughter.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 15, 1982 — 

*John E. Sawhill III,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.