## 65764. RILEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for robbery by an offensive weapon. *Held:*

1. The enumeration of error that the state failed to fully reveal the details of each of three co-participants' agreement to testify in return for a lesser sentence is not sustained by the record.

2. The second enumeration of error is: "It was abuse of discretion on the part of the trial judge to permit the state to bolster its witness' testimony where he had not been impeached and allow the investigating officer to testify based on the co-defendant's previous statement." We note first of all that the trial judge sustained the objection by defendant's counsel when the investigating officer began to relate what the witness, a co-participant, told him.

Moreover, the Georgia Supreme Court has held that prior inconsistent statements are admissible as substantive evidence where the declarant takes the stand and is subject to cross-examination. *Gibbons v. State,* 248 Ga. 858, 863 (286 SE2d 717).

The state may now impeach its own witness without a showing of surprise. *Davis v. State,* 249 Ga. 309, 313 (3) (290 SE2d 273).

In *Ranger v. State,* 249 Ga. 315, 318 (290 SE2d 63) it was held: "Code § 38-1801 provides in pertinent part: 'A party may not impeach a witness voluntarily called by him, except where he can show to the court that he was been entrapped by said witness by a previous contradictory statement. . .' . . . That part of Code § 38-1801 quoted above is applicable to impeachment of witnesses by prior contradictory statements. Having held in *Gibbons* that a prior contradictory statement of a witness is admissible as substantive evidence, the quoted portion of Code § 38-1801 is inapplicable to a witness who . . . must be given an opportunity to explain or deny the prior contradictory statement . . ." Also in *Walker v. State,* 162 Ga. App. 173 (290 SE2d 502) this court held that a prior inconsistent statement implicating the defendants made by one of the participants to a crime is admissible as substantive evidence under the *Gibbons* rule, supra.

We find no merit to the second enumeration of error.

3. Although not argued, we have considered the sufficiency of the evidence and find the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) were met.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 21, 1983.

*Columbus Gilmore,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.