## 67513. BROOKS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted and tried for the murder of his live-in companion, Betty Marie Phillips, and was convicted of voluntary manslaughter. He bases his appeal on the contention that the trial court erred in including the instruction on voluntary manslaughter in its charge to the jury.

The evidence adduced at trial revealed that on the evening in question, appellant returned from work to the motel room he shared with Phillips and that they began drinking and arguing. Appellant testified that the deceased became furious when he made a disparaging remark concerning a certain part of her anatomy and that she ordered him to leave, removing some of his clothing from the motel room and putting them in his car. She then threw appellant's gun onto the table and again ordered him to leave. Appellant claims that he and Phillips grabbed for the gun at the same time and that when he tried to jerk it away it went off, mortally wounding the deceased in the head. The state introduced expert testimony to the effect that the victim's head wound was such that the barrel of the gun would have had to have been virtually pressed against her head when it discharged. Further testimony established that the murder weapon was a single-action gun that could not be fired unless the hammer was in a cocked position. An autopsy revealed assorted abrasions and lacerations on the victim's body that were, in the opinion of the witnesses, inflicted separately from her gunshot wound.

Appellant testified that after the shooting, he ran to the motel manager's office and told him to call the police and an ambulance. Appellant then left and did not return to the room until the next morning, at which time he was arrested. Appellant was indicted for murder, but in its charge to the jury the trial court included instructions on murder, voluntary manslaughter, and involuntary manslaughter. After his conviction for voluntary manslaughter, appellant filed a motion for new trial, claiming that there was no evidence to authorize a jury instruction on voluntary manslaughter. This appeal follows the denial of that motion.

"[OCGA § 16-5-2] provides that 'A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . .' Our Supreme Court has held that a trial judge 'may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation.' [Cit.] 'When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter.' [Cit.] 'The sufficiency of the provocation . . . [is] in all cases for the jury.' [Cits.] 'On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given.' [Cits.]" *Ward v. State*, 151 Ga. App. 36 (1) (258 SE2d 699).

We believe that at least "slight evidence" existed as to provocation beyond words alone to authorize the jury instruction on voluntary manslaughter. Therefore, the trial court did not err in giving the disputed instruction.

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED MARCH 8, 1984.

*Daniel J. Parker, Floyd W. Keeble, Jr.,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney,* for appellee.