### 71038. GREEN v. THE STATE.
(340 SE2d 234)

SOGNIER, Judge.

Appellant was convicted of aggravated assault and appeals.

1. Appellant contends the trial court erred by allowing Kenneth Smith, the victim, to testify about prior consistent statements to the police regarding the identity of his assailant. Smith testified that he was standing outside a lounge when appellant came up and grabbed him. Smith pushed appellant away and he went to his car and opened the trunk. When Smith heard appellant tell a lady on the sidewalk to get out of the way, Smith turned around and saw appellant pointing a gun at him; appellant then shot Smith in the neck, resulting in paralysis of Smith's legs and feet. Smith told the police who came to the scene that appellant was the person who shot him, and about ten days later told a detective that appellant was the person who had shot him. While still on direct examination, the prosecuting attorney was allowed to ask Smith, over objection, if he had ever told the police that anyone *other* than appellant had shot him. Appellant contends this was error, arguing that the prosecuting attorney was attempting to bolster Smith's testimony before he had been cross-examined and impeached.

In Georgia the general rule is that a witness' testimony cannot be fortified or corroborated by his own prior consistent statements. *Estes v. State,* 165 Ga. App. 453, 455 (2) (301 SE2d 504) (1983). See also *Lowe v. State,* 253 Ga. 308, 310 (2) (319 SE2d 834) (1984). Unlike the factual situation in *Cuzzort v. State,* 254 Ga. 745 (334 SE2d 661) (1985), *Edwards v. State,* 255 Ga. 149 (335 SE2d 869) (1985), and *Brannon v. State,* 176 Ga. App. 781 (337 SE2d 782) (1985), where the veracity of the victim was in issue and third parties were allowed to testify about the victim's prior consistent statements, the victim in

the instant case was testifying on direct examination and his veracity had not been questioned. The prosecutor, having shown two prior consistent statements by the victim identifying appellant, sought to show that the victim had *not* made prior *inconsistent* statements relating to identification of appellant as the person who shot Smith. This was error.

The remaining question is whether the admission of such testimony was prejudicial to appellant. Under the circumstances of this case, we find no prejudice. The victim had known appellant for fourteen years and had gone to school with him. There was no equivocation in Smith's identification of appellant and he testified there was no doubt in his mind that appellant was the person who shot him. Appellant acknowledged that he had been at the lounge, and that he had words with Smith just prior to the shooting, although he denied shooting Smith. Thus, the issue was not one of identification of appellant, but was a question as to whether appellant did or did not shoot Smith. Under such circumstances, it can be fairly said that it was highly probable that any erroneous admission of the testimony objected to did not contribute to the verdict in this case. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. Appellant contends error by allowing the prosecuting attorney to question appellant about an altercation with another man a few nights before the shooting incident involved in this case, because it placed appellant's character in evidence. This enumeration is without merit.

Smith testified for the State, without objection, that about two days before he was shot he saw appellant fighting another man. This was the same altercation the prosecuting attorney questioned appellant about on cross-examination, which appellant now contends improperly placed his character in issue. Even assuming, without deciding, that it was error to allow such cross-examination, the burden is on appellant not only to show error, but error which injured him, and unless the error results in a miscarriage of justice, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). Since evidence of the altercation had already been introduced previously without objection, no possible harm could result from questioning appellant about that altercation.

3. Appellant contends the trial court erred by failing to charge on circumstantial evidence because the only direct evidence in the case was from Smith, who had been impeached. Although it is true that a court must charge on circumstantial evidence when the only direct evidence is from a witness who the jury is authorized to find has been impeached, *Horne v. State*, 93 Ga. App. 345, 346 (4) (91 SE2d 824) (1956), *Stanley v. State*, 239 Ga. 260, 261 (1) (236 SE2d 611) (1977), Smith's testimony was not the only direct evidence in the case.

Charles Hagood testified that he administered mouth to mouth resuscitation to Smith at the scene of the shooting, and a doctor testified that he examined Smith the night of the shooting and x-rays of Smith revealed a bullet from a gunshot was lodged in his spinal canal, resulting in Smith's paralysis. Further, appellant himself testified he was at the place where the shooting occurred. Where there is some direct evidence involved in the case it is not error to fail to charge on circumstantial evidence. *Lane v. State*, 153 Ga. App. 622, 623 (3) (266 SE2d 298) (1980). Hence, this enumeration of error is without merit.

4. Appellant contends the trial court's charge on impeachment of witnesses was error. The court charged the jury: "If it is sought to impeach a witness by . . . evidence as to the general bad character of the witness, the witness may be sustained by proof of general good character to the effect of the evidence — the effect of the evidence to be determined by the jury." Appellant argues that because there was no evidence as to the victim's good character, but only evidence of his bad character, the jury may have thought the court was suggesting that the general good character of Smith had been sustained and he was worthy of belief. We do not agree.

Appellant has taken one sentence from the court's charge on impeachment of witnesses out of context, for the court went on to charge: "The credit to be given the witness's testimony where impeached for general bad character . . . shall be for the jury to determine. In a word, *it is the exclusive province of the jury*, under all the attendant circumstances and conditions, to determine whether a witness has or has not been impeached, and whether a witness has or has not spoken the truth, and what the jury will or will not believe." (Emphasis supplied.) It is clear from reading the entire charge that the court was not suggesting that the good character of Smith had been sustained, but left this matter for determination solely by the jury. There is no error where it is unlikely that the instruction considered as a whole would mislead a jury of ordinary intelligence. *Collins v. State*, 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978).

5. Appellant contends the trial court erred by denying his motion for a new trial because the evidence was not sufficient to support the verdict. The facts set forth in Division 1 are sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The only real issue in this case was whether appellant was the person who shot Smith, who testified that appellant was the person who shot him. Although appellant denied shooting Smith, the weight of the evidence and credibility of witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Hence, it was not error to deny appellant's motion for a new trial based on the general grounds.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 24, 1986.

*Dwight T. Feemster,* for appellant.
*Spencer Lawton, Jr., District Attorney, Richard A. Mallard, Virginia A. Erskine, Assistant District Attorneys,* for appellee.