## 46978. SEARS v. THE STATE.
(386 SE2d 360)

Bell, Justice.

The appellant, Ilar Belle Sears, was convicted and sentenced for the felony murder of Rosa Lee Haynes and the aggravated assault of John A. Sears. We affirm.[1]

---

[1] The crimes occurred on February 27, 1986. The grand jury for the April 1986 term of

The appellant and John Sears were married in 1955 and divorced in 1979, and maintained a relationship after their divorce. On February 27, 1986, John Sears went with a friend, Rosa Lee Haynes, to Haynes' home. The appellant followed them to Haynes' home, where she shot John Sears and Haynes with a .410 shotgun, wounding him and killing her.

1. The evidence authorized the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit in the appellant's contention that the trial court erred in certifying the trial transcript as being complete and accurate. See OCGA § 5-6-41.

3. The appellant's *Brady* enumeration presents no reversible error, as we find that the evidence that was not disclosed to appellant before trial was not material in the sense that there was a reasonable probability that disclosure of the evidence could have caused a different outcome in the trial. *Rogers v. State*, 257 Ga. 590, 592 (3) (361 SE2d 814) (1987).

4. The trial court did not abuse its discretion by denying the appellant's motion to sever the offenses. *Gober v. State*, 247 Ga. 652 (1) (278 SE2d 386) (1981).

5. During his closing argument the prosecuting attorney made certain remarks that appellant alleges were improper. Appellant argues that the trial court erred by denying her motion for mistrial based on the prosecutor's remarks, or by failing to rebuke the prosecutor and give curative instructions to the jury. However, assuming without deciding that the court erred, we find that the evidence of appellant's guilt was overwhelming, and we therefore conclude that it is highly probable that any error by the trial court in this regard did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

6. The trial court did not err by charging the jury that it would be their duty to convict if they believed the appellant guilty beyond a reasonable doubt. *Noggle v. State*, 256 Ga. 383, 385 (2) (349 SE2d 175) (1986).

7. The court's charge on the rebuttable presumption that every person is of sound mind and discretion was not erroneous. *Cargill v. State*, 255 Ga. 616, 641 (30a) (340 SE2d 891) (1986).

8. The appellant contends that the court deprived her of individ-

---

White Superior Court indicted the appellant for malice murder, felony murder, and the aggravated assault of John Sears. On October 26, 1986, the jury found appellant not guilty of malice murder and guilty of the remaining counts. The defendant received a life sentence for the murder and a twenty-year sentence for the aggravated assault. The appellant subsequently moved for a new trial, and on October 8, 1987, the court denied the motion. On November 6, 1987, the defendant filed a notice of appeal. The appeal was docketed in this court on April 25, 1989, and was argued on June 26, 1989.

ual examination of prospective jurors. She further contends that the court erred when it prevented her from asking certain questions of the prospective jurors. We find that the court did not impermissibly restrict voir dire.

9. The trial court did not err by charging the jury on voluntary manslaughter.

10. The trial court did not err by failing to strike the testimony of a prosecution witness or take other action after the prosecutor spoke with the witness during a recess.

11. The appellant's enumerations concerning the court's implementation of OCGA § 17-7-130.1 have no merit.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 5, 1989.

*Douglas W. McDonald,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.