## A90A0630. LINDSEY v. THE STATE.
(395 SE2d 328)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of two counts of voluntary manslaughter. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The trial court's admission into evidence of an incriminating statement given by appellant to investigating officers is enumerated as error.

A *Jackson-Denno* hearing was held. The transcript of the hearing authorized the trial court to find that appellant waived his rights and freely and voluntarily gave the incriminating statement at a time when he showed no signs of intoxication. " '[F]actual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. (Cit.)' [Cits.]" *Butler v. State*, 194 Ga. App. 208 (1) (390 SE2d 278) (1990). See also *Henson v. State*, 258 Ga. 600 (1) (372 SE2d 806) (1988).

2. The trial court's giving of an instruction on flight is enumerated as error. Contrary to appellant's contentions, however, "[t]here was ample evidence to support the charge on flight. [Appellant] did not remain at the scene of the killing, and this is circumstantial evidence of [his] guilt. The charge given on flight was not error. [Cits.]" *Wilson v. State*, 257 Ga. 444, 447 (4) (359 SE2d 891) (1987).

3. The trial court did not err in giving instructions on voluntary manslaughter. Although appellant relied on a theory of accidental discharge of his gun, he testified that the victims had struck and cut him. "We believe that at least 'slight evidence' existed as to provocation beyond words alone to authorize the jury instruction on voluntary manslaughter. Therefore, the trial court did not err in giving the disputed instruction." *Brooks v. State*, 170 Ga. App. 171, 172 (316 SE2d 815) (1984). See also *Paynter v. State*, 164 Ga. App. 391 (297 SE2d 327) (1982).

4. The trial court's failure to instruct on involuntary manslaughter is enumerated as error. However, the record shows that, "[f]ollowing the charge, the trial court asked if there were any exceptions. [Appellant] objected to the court's . . . instruction on [voluntary] manslaughter, but did not except to the [lack of a] charge on [involuntary] manslaughter, nor did he reserve the right to except. . . . There was no error." *Harmon v. State*, 259 Ga. 846, 848 (3) (388 SE2d 689) (1990).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 8, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*John E. Sawhill III*, for appellant.
*Stephen F. Lanier, District Attorney, Harold Chambers, Assistant District Attorney*, for appellee.