## S92A0361. SUTTON v. THE STATE.
(415 SE2d 627)

BENHAM, Justice.

Appellant brings this appeal from his conviction for malice murder, and alleges error in the trial court's charge to the jury.[1]

1. The evidence presented by the State established that Jerome Carson died from a gunshot wound[2] inflicted by appellant following an altercation between appellant and his brother on one side, and the victim and his brother on the other side, over beer. The jury was authorized to conclude beyond a reasonable doubt that appellant was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant takes issue with the trial court's instructions to the jury that, should they find beyond a reasonable doubt that appellant committed either of the offenses charged, "it would be [their] duty to convict" appellant of that charge. The trial court also instructed the jury that, should reasonable doubt as to the guilt of appellant not exist in their minds, then they "should convict." Appellant asserts that the trial court's instructions amount to the direction of a guilty verdict.

A jury possesses a de facto power to acquit a defendant regardless of the strength of the evidence presented against him. *Cargill v. State*, 255 Ga. 616 (30 d) (340 SE2d 891) (1986). However,

[t]he duty of a jury is to be distinguished from its power. Its duty is to apply the law to the facts and to reach a verdict which speaks the truth. [Cits.] If, after considering *all* of the evidence, the jury finds that the [S]tate has carried its burden of proving beyond a reasonable doubt every essential allegation in the indictment, and is convinced beyond a reasonable doubt of the defendant's guilt of the crime charged, it should convict. [*Felker v. State*, 252 Ga. 351 (13 b) (314 SE2d 621) (1984).]

While the better practice is to use the charge proffered in the current edition of the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed. 1991), informing the jury that they "would be author-

---

[1] The crime occurred on August 29, 1989, and appellant was arrested later that day. He was indicted for malice murder and felony murder on December 7, 1989, and tried February 26-March 2, 1990. The jury returned its guilty verdicts on March 2, and the trial court sentenced appellant to life imprisonment on the malice murder guilty verdict the same day. Appellant filed a motion for new trial on March 27, and his amended motion was denied November 13, 1991. The notice of appeal was filed December 12; the record was docketed on December 23; and oral argument was heard on March 11, 1992.

[2] The weapon used was a .357 handgun.

ized to find the defendant guilty," the charges as given by the trial court in the case at bar do not constitute reversible error. *Miller v. State*, 260 Ga. 191 (13) (391 SE2d 642) (1990); *Sears v. State*, 259 Ga. 671 (6) (386 SE2d 360) (1989); *Noggle v. State*, 256 Ga. 383 (2) (349 SE2d 175) (1986). See also *Paschal v. State*, 230 Ga. 859 (1) (199 SE2d 803) (1973).

3. Appellant maintains the evidence presented at trial was not sufficient to sustain a charge on the law of flight.

The State presented evidence that appellant, while driving a car, fired shots at a car containing the victim and the victim's brother. When the victims drove off, appellant drove off in another direction, dropped his passenger off, reported what happened to his family, and went to a convenience store to keep a friend company. Appellant testified he was not aware that anyone had been wounded by the gunfire until he was so told by the arresting officer.

> Where the defendant departs the scene immediately after the incident, it is not error to charge on the issue of flight of the defendant. It is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons. [*Lockette v. State*, 181 Ga. App. 649 (1) (353 SE2d 585) (1987).]

See also *Montgomery v. State*, 241 Ga. 396 (3) (245 SE2d 652) (1978). This court has recently rejected appellant's contention that a charge on flight must be predicated upon evidence that the defendant attempted to "evade the course of justice" or concealed himself. *Renner v. State*, 260 Ga. 515 (3 a) (397 SE2d 683) (1990). Since there was evidence to support a charge on flight,[3] the trial court did not err by instructing the jury on the subject.

*Judgment affirmed. All the Justices concur, except Sears-Collins, J., who dissents.*

SEARS-COLLINS, Justice, dissenting.

I respectfully dissent to Division 2 of the majority opinion. While, I recognize that this court has continued to approve an instruction that a jury has the *duty* to convict where the evidence proves that a criminal defendant is guilty beyond a reasonable doubt, *Miller v. State*, 260 Ga. 191 (13) (391 SE2d 642) (1990), I believe that such a charge fails to inform a jury of its inherent power to find justice, particularly when it is repeatedly given by the trial judge, as in this case.

---

[3] Appellant's trial was prior to January 10, 1991, the effective date of that portion of the decision in *Renner*, supra, which held that error would occur should a trial court charge the jury on flight.

As noted by Justice Benham in the majority opinion, instructing the jury that it "would be *authorized* to find the defendant guilty" (emphasis supplied), is always the more sound approach. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed. 1991).

There is a key definitional difference between the words *duty* and *authority*. Duty implies an obligatory task, mode of conduct, or service to be performed by those persons bound by the duty. It also implies that non-compliance will engender a penalty from a superseding entity with the power to command and to coerce obedience. But a jury always possesses the "de facto power to acquit the defendant, regardless of the strength of the evidence against him." *Cargill v. State*, 255 Ga. 616, 642 (340 SE2d 891) (1986). This concept stems from shared notions of democracy and our trust of the citizenry to act, doing honor to their own interpretation of responsibility, fairness, justice and mercy.

Compare the noun, duty, to the verb, authorize. To authorize means to exercise the power "to give legality or effective force to (a power, instrument, order)." Webster's Third New International Dictionary. It is a discretionary function. How, then, may a jury possessed of the ultimate power of acquittal and its discretionary use, reconcile that power with a trial court's instruction mandating a duty to convict? The answer is that it may not, at least, while still retaining any integrity, intellectual honesty, or logical consistency. This is the dilemma that we impose upon juries when we allow trial courts to give a charge that juries have the "duty to convict."[4]

This problem may have its roots in *Felker v. State*, 252 Ga. 351 (13 b) (314 SE2d 621) (1984), where this court thought to resolve the inconsistency by attempting to distinguish duty from power. There we stated:

> [A jury's] duty is to apply the laws to the facts and to reach a verdict which speaks the truth. [Cits.] If, after considering all of the evidence, the jury finds that the state has carried its burden of proving beyond a reasonable doubt every essential allegation in the indictment, and is convinced beyond a reasonable doubt of the defendant's guilt of the crime charged, it *should* convict. (Emphasis supplied.)

However, the word *should*, being merely the past tense of the word

---

[4] "Put simply, the right to be tried by a jury of one's peers finally exacted from the king would be meaningless if the king's judges could call the turn." *United States v. Spock*, 416 F2d 165, 181 (1st Cir. 1969), citing *Bushel's Case*, 124 Eng. Rep. 1006 (C.P. 1670).

shall, is mandatory.[5] It does nothing to rectify the conflict between the jury's supreme power to acquit and the implication that the power of acquittal is somehow subservient to a duty to convict.

Because Division 2 of the majority opinion reaffirms our approval of a misleading jury charge, repeated no fewer than five times by the trial judge, I must respectfully dissent. When the lives and liberty of men and women are at stake, words ought not pass from judges to juries too lightly.

DECIDED APRIL 23, 1992.

*Michael Mears & Associates, Michael Mears,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Mary H. Hines, Staff Attorney,* for appellee.

---

[5] There is a possible reading of this holding which might comport with the distinction between duty and authority; that is if the word *should* is read to imply its archaic form, which means "might or could." Webster's Third New International Dictionary. However, our precedent has never acknowledged this possibility. Instead our cases on this point utilize *should* as a command.