A92A2134. CONNERLY v. THE STATE.
(428 SE2d 408)

ANDREWS, Judge.

Connerly was convicted by a jury of armed robbery, two counts of aggravated assault, theft by taking, two counts of kidnapping, and possession of a firearm during the commission of a crime. Viewed in favor of the convictions, the evidence showed that Connerly and his co-defendants assaulted the victim and his son with a shotgun outside a DeKalb County convenience store. The victim and his son were forced at gunpoint into the victim's automobile, then taken to a series of automatic teller machines, where Connerly and his accomplices took money the victim was forced to withdraw from his accounts. The automobile was then driven to South Carolina, where the victim and his son were forced out, and Connerly and the co-defendants took the car.

Connerly claims the trial court erred by finding that his statement to the police was voluntary and admissible as evidence in the state's case-in-chief. At a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine whether the statement was voluntary, evidence showed that after having earlier requested counsel, Connerly contacted the police from the jail where he was being held, and said he wanted to talk about the charges. A police officer met with him pursuant to his request, and advised him of his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). After verbally acknowledging that he understood these rights, Connerly signed a form waiving these rights, and gave a written, signed statement to the officer confessing his participation in the charged offenses. The officer testified that Connerly appeared to understand all of these communications, and that no coercion, threats, or promises of any kind were utilized to obtain the waiver of rights and statement. Connerly testified at the hearing that he did not initiate the conversation with the police but was brought to the interrogation room, where, in a confused condition, he succumbed to pressure and promises of leniency, and signed the waiver of rights form and the statement.

Prior to using Connerly's statement as part of the state's case-in-chief, the state must demonstrate that the statement was voluntarily given, and that the accused was afforded the procedural safeguards against self-incrimination set forth in *Miranda*, supra, which includes the right to counsel, and the right to have counsel present during questioning. The record reflects that prior to the questioning at issue, Connerly had requested appointed counsel. Once a suspect requests counsel, all questioning must cease and may not resume without counsel present, whether or not the suspect has consulted with counsel, unless the suspect initiates the conversation with police, and voluntarily and knowingly waives his rights. *Minnick v. Mississippi*, 498 U. S. ____ (111 SC 486, 112 LE2d 489) (1990); *Smith v. Illinois*, 469 U. S. 91, 95 (105 SC 490, 83 LE2d 488) (1984); *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). The trial court found that Connerly initiated the contact with the police, was informed of his rights and waived them, and freely and voluntarily gave the statement without being subjected to any threats or promises. In ruling that the in-custody statement given by the accused was admissible, the trial court must upon consideration of the totality of the circumstances, be satisfied by a preponderance of the evidence that the statement was freely and voluntarily given, and the court's ruling, including findings as to factual matters and credibility, will not be disturbed on appeal unless clearly erroneous. *Kincey v. State*, 191 Ga. App. 300, 301 (381 SE2d 439) (1989); *Lindsey v. State*, 196 Ga. App. 67 (395 SE2d 328) (1990); *McDaniel v. State*, 204 Ga. App. 753, 754

(420 SE2d 636) (1992); *Hayes v. State*, 203 Ga. App. 143, 145 (416 SE2d 347) (1992); *Barrs v. State*, 202 Ga. App. 520, 521 (414 SE2d 733) (1992). There was no error in admitting the statement. The evidence was sufficient to sustain the convictions under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1993.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Stacy Y. Cole, Assistant District Attorneys*, for appellee.