## A03A1733. RUFFIN v. THE STATE.
(588 SE2d 802)

ANDREWS, Presiding Judge.

Deron Jontave Ruffin was found guilty by a jury of burglary and armed robbery. On appeal, he claims: (1) that the trial court erred by finding his custodial statement to police was voluntary and admissible into evidence, and (2) that his trial counsel provided ineffective assistance. We find no error and affirm.

1. The State produced testimony from co-defendant, Brandon G. Morgan, that he, Ruffin and two other men entered the victim's house without authority and robbed the victim at knifepoint taking various personal property including the victim's truck. The victim, who could not identify his attackers, testified that four men invaded his house, held a knife to his throat, and robbed him. Three of the attackers, including Ruffin and Morgan, were later arrested in Mississippi after leading police on a chase in the stolen truck. While Ruffin was in custody in Mississippi, he gave a taped statement to police in which he admitted his participation in the burglary and armed robbery. After a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court ruled that the statement was voluntary, and the statement was subsequently introduced into evidence by the State. Ruffin did not testify at trial. The evidence was sufficient for the jury to find that Ruffin was guilty beyond a reasonable doubt, either directly or as a party, of committing the charged offenses of burglary and armed robbery. OCGA §§ 16-7-1; 16-8-41; 16-2-20; 16-2-21; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's ruling that Ruffin's custodial statement was voluntary and admissible. At the *Jackson v. Denno* hearing, a police officer present during Ruffin's custodial interrogation testified that, before the statement was given, Ruffin was advised of and waived his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); that Ruffin was coherent, that he did not appear to be under the influence of drugs or alcohol, and that he understood and responded to the questions. The officer testified that Ruffin was not threatened, nor was he promised any benefit or leniency. Ruffin testified at the hearing that he agreed to answer the questions after he was advised of and waived his *Miranda* rights. He admitted that he decided to tell the officers what happened in connection with the charges at issue and that no officer told him what to say. He also conceded that he acknowledged during the interrogation that he was not forced to make the statement.

Nevertheless, Ruffin contended at the hearing that the statement he gave was coerced. He alleged that one of the interrogating officers threatened him several hours prior to the interrogation by

telling him that, if he did not talk, "[Y]ou're never going to fucking Georgia again." Ruffin contends that, because the officer who allegedly made the threat did not testify at the *Jackson v. Denno* hearing, his unrebutted testimony about the threat established that the statement was coerced. He also contends that, in the absence of testimony from the officer who allegedly made the threat, the trial court erroneously failed to consider the totality of the circumstances surrounding the admissibility of his incriminating statement. We find no merit in either contention.

> In ruling that the in-custody statement given by the accused was admissible, the trial court must upon consideration of the totality of the circumstances, be satisfied by a preponderance of the evidence that the statement was freely and voluntarily given, and the court's ruling, including findings as to factual matters and credibility, will not be disturbed on appeal unless clearly erroneous.

*Connerly v. State*, 207 Ga. App. 498, 499 (428 SE2d 408) (1993). Here, the trial court heard testimony from an officer at the interrogation and from Ruffin showing that, at the time of the interrogation, Ruffin was advised of and waived his *Miranda* rights and that his subsequent statement was freely given without threats or promises of benefit. Although the State had the burden to prove the statement was voluntary, "there is no absolute requirement that all law enforcement officers present when in-custody statements are made must be called by the state during a *Jackson-Denno* hearing." *Steele v. State*, 166 Ga. App. 24, 26 (303 SE2d 462) (1983). To carry its burden, the State presented testimony from one of the two officers present when Ruffin gave his statement. In response, Ruffin did not dispute the officer's testimony about what occurred during the interrogation, but he testified at the hearing that Officer Karl, the other officer present at the interrogation, threatened him several hours prior to the interrogation. There is nothing in the record indicating the State was aware prior to the hearing that Ruffin contended he was threatened by Officer Karl prior to the interrogation. It is not clear from the record if Officer Karl was present at the hearing, but Ruffin's defense counsel stated at the commencement of the hearing that, "If Detective Karl is in the room, I would like to invoke the rule." If he was there, Ruffin made no effort to subsequently call him as a witness, and, if he was not there, nothing shows that Ruffin made any effort to obtain Karl's presence as a witness either prior to or at the hearing.

On these facts, there is nothing in the record showing Ruffin was prevented by the State from having Officer Karl present at the *Jack-*

*son v. Denno* hearing, and there is no basis for concluding that the trial court erroneously denied his right to a full investigation of all the circumstances surrounding the statement. Compare *Porter v. State*, 143 Ga. App. 640-642 (239 SE2d 694) (1977). We find no clear error in the trial court's refusal to accept Ruffin's contention that he was coerced or in its conclusion that Ruffin's statement was voluntary and admissible. *Sims v. State*, 197 Ga. App. 214, 215-216 (398 SE2d 244) (1990).

3. Finally, Ruffin claims his trial counsel was ineffective because he failed to subpoena Officer Karl for examination at the *Jackson v. Denno* hearing. Because this claim is made for the first time in Ruffin's present out-of-time appeal, it was waived. "[A] claim of ineffective assistance of trial counsel may not be asserted in an out-of-time appeal unless the defendant's new appellate counsel files a motion for new trial after the grant of the out-of-time appeal and raises the ineffectiveness claim." (Citation and punctuation omitted.) *Herndon v. State*, 232 Ga. App. 129, 133 (499 SE2d 918) (1998).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 14, 2003.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant District Attorney*, for appellee.