## 61376. HAMBY v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of robbery by sudden snatching.

1. Appellant enumerates as error the overruling of his objection to the state's leading of the prosecutrix on her direct and redirect testimony. " 'The court may, in the exercise of its discretion, permit a party calling a witness to propound leading questions.' [Cit.]" *Haralson v. State,* 234 Ga. 406, 407 (1) (216 SE2d 304) (1975). " 'A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error. [Cits.]' [Cits.]" *English v. State,* 234 Ga. 602, 603 (2) (216 SE2d 851) (1975). Arguments that the trial court's discretion in this matter was abused to appellant's prejudice and harm are in no way supported by the transcript. This enumeration is without merit.

2. Error is enumerated on the giving of a charge on Code Ann. § 26-801, "Parties to a crime," on the ground that "[t]he indictment did not charge aiding, abetting, advising, encouraging, hiring, counseling or procuring." "While [Code Ann. § 26-801] does not use the word 'conspiracy' it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto." *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367) (1972). "The evidence amply authorized a charge on conspiracy under Code Ann. § 26-801," *Harvey v. State,* 233 Ga. 41, 44 (5) (209 SE2d 587) (1974), and was not error for any reason urged on appeal. " 'It has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation. [Cits.]' [Cit.]" *Bruster v. State,* 228 Ga. 651, 652 (3) (187 SE2d 297) (1972). See also *Hughes v. State,* 150 Ga. App. 90 (256 SE2d 634) (1979).

3. Appellant enumerates as error the failure of the trial court to charge without request on the "issue of identification." While appellant cites no cases in support of this enumeration of error, apparently, he refers to his defense of mistaken identity. We find appellant's argument meritless. The transcript reveals that appellant waived his right to enumerate error in the charge as to this issue.

*White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Even if there had been no waiver, in view of the trial court's charge on the defense of alibi no reversible error would have been shown. *Carr v. State,* 4 Ga. App. 332 (2) (61 SE 293) (1908).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 9, 1981.

*John N. Crudup,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.