## A90A0973. SWEETENBURG v. THE STATE.
(397 SE2d 451)

BANKE, Presiding Judge.

The appellant was convicted of rape and simple assault, but the two convictions were merged for sentencing. He brings this appeal from the denial of his motion for new trial. *Held*:

1. Construed in favor of the verdict, the evidence as a whole was sufficient to enable a rational trier of fact to find the appellant guilty of rape beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that he is entitled to a new trial based on the alleged ineffectiveness of his trial counsel. In such cases, "[t]he burden is on the defendant to show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 2064, 80 LE2d 674) (1984); [Cit.]." *Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590) (1987). "In other words he must show there is a reasonable probability that the outcome would have been different, but for counsel's unprofessional errors. [Cits.]" *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). "[T]here is a strong presumption that trial 'counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment.' [Cit.]" *Brown v. State*, supra, 257 Ga. at 278, citing *Strickland v. Washington*, supra 104 SC at 2066.

A review of the transcript in the present case reveals that the appellant's trial counsel competently represented him in presenting his defense, which was that the sex act was performed consensually in exchange for drugs. Counsel vigorously cross-examined the state's witnesses, presented opening and closing arguments, conducted an adequate voir dire of the prospective jurors, and, at the hearing on the motion for new trial, testified that his failure to object to certain evidence submitted by the state was the result of deliberate trial strategy. Indeed, counsel was sufficiently effective that the appellant was acquitted of three of the five offenses alleged in the indictment. The appellant has failed to establish under the circumstances a reasonable

probability that the outcome of the trial would have been different but for counsel's asserted deficiencies. Accord *Thompson v. State*, 188 Ga. App. 508 (373 SE2d 292) (1988).

3. The appellant contends that the trial court erred in permitting a police officer to testify that the victim did not appear to him to be under the influence of drugs following the incident, over his objection that the witness had not been qualified as an expert in this area. This enumeration of error is without merit. "[I]t is the rule in Georgia that any person may testify, on the basis of personal observation, as to whether another person did or did not appear to be intoxicated on a given occasion." *State v. Golden*, 171 Ga. App. 27, 30 (318 SE2d 693) (1984). Furthermore, the officer testified that he had been trained to recognize the manifestations of drug and alcohol intoxication, and it was shown that he had had ample opportunity to observe the victim's demeanor.

4. The appellant contends that the trial court erred in admitting two photographs of the victim depicting the injuries she had sustained as a result of the assault, where the state had not supplied the photographs in response to his pre-trial notice to produce. " 'In a criminal case a notice to produce pursuant to OCGA § 24-10-26 . . . may compel the production of books, documents or tangible things in the State's possession "where such books, etc., would be admissible and *are needed for use as evidence on behalf of the defendant.*" [Cit.]' Here, the [photographs] were used as evidence on behalf of the state, and were not needed by [the appellant] as evidence in support of his defense." *Gilstrap v. State*, 256 Ga. 20, 21 (342 SE2d 667) (1986).

5. The trial court did not err in allowing the state's attorney to recall the victim in order to establish the element of penetration or in permitting the use of leading questions in this regard. The trial court is clothed with a very broad discretion in allowing the state to recall a witness for the purpose of amplifying previously given testimony. *Flynt v. State*, 153 Ga. App. 232, 244 (264 SE2d 669) (1980). Likewise, " '[t]he court may, in the exercise of its discretion, permit a party calling a witness to propound leading questions. [Cits.]' " *Hamby v. State*, 158 Ga. App. 265 (279 SE2d 715) (1981).

6. We have carefully reviewed the appellant's remaining enumerations of error and have determined that they likewise establish no basis for reversal.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Jackson & Schiavone, G. Terry Jackson*, for appellant.

*Spencer Lawton, Jr., District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.