## A95A0835. TYSON v. THE STATE.

(457 SE2d 690)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of the sole count of the indictment charging him with selling cocaine in violation of the Georgia Controlled Substances Act. His motion for new trial was denied and this appeal followed. *Held*:

1. In two related enumerations, defendant contends the trial court erred in giving and repeating an *Allen (Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528)) charge. He argues that the charge given was coercive because "it could, and did, cause a juror to abandon an honest conviction for reasons other than the evidence at trial or the argument of other jurors."

In *Romine v. State*, 256 Ga. 521 (1), 524 (1, b), 525 (350 SE2d 446), the Supreme Court of Georgia held as follows: "(1) Where a jury is unable to agree on a verdict, that disagreement is not itself a verdict; and (2) whether a jury is hopelessly deadlocked is an evaluation [committed] to the sound discretion of the trial court, subject to appellate review for an abuse of discretion." We have reviewed the

charge as first given and conclude that the language employed clearly conveyed the "cautionary instruction that the trial court was 'certainly not asking, nor suggesting, that any person on (the) jury give up honestly held convictions.' See *Willingham v. State*, 134 Ga. App. 603, 607 (5a) (215 SE2d 521) (1975)." *Dortch v. State*, 204 Ga. App. 822, 823 (3) (420 SE2d 778). Compare *Riggins v. State*, 226 Ga. 381, 383 (3), 384 (174 SE2d 908), where the trial court impermissibly referred to the two holdouts as being "unreasonable, stubborn. . . ." In the case sub judice, there was no abuse of discretion in the giving of this instruction.

Despite further deliberations, the jury foreman announced that the vote "has not changed[; and that in his] opinion, we will not reach a verdict." The trial court then reminded the jurors "Well, again, the Court would like for you to reach a verdict, again without anyone giving up honest opinions. Sometimes reflective Jurors will decide that they were wrong in their initial feeling about a case one way or the other and come to some conclusions. And that's the Court's only interest. I have no interest in forcing a verdict out of you. . . ." After this instruction, the trial court polled the jurors and found no one "absolutely opposed to any further deliberations[.]" Defendant argues this recharge also was coercive because it did not contain all the elements of a complete *Allen* charge.

"While the [trial] court has a duty to recharge any part of the charge at the request of the jury, *Welch v. State*, 251 Ga. 197 (304 SE2d 391) (1983), the extent and character of any supplementary instructions are within the discretion of the court. *Taylor v. State*, 169 Ga. App. 842 (315 SE2d 661) (1984)." *Welch v. State*, 257 Ga. 197, 198 (1) (357 SE2d 70). " '([T])he decision as to the giving of such a charge does not depend on a finding that the jury is deadlocked. (Cit.)' *Sanders v. State*, 257 Ga. 239, 243 (7) (357 SE2d 66) (1987). The charge given was a portion of the one approved in *Romine v. State*, 256 Ga. 521 (1), [supra]." *Allen v. State*, 260 Ga. 147, 148 (3b) (390 SE2d 848). Accord *Hawkins v. State*, 260 Ga. 138, 141 (10b) (390 SE2d 836). We find no abuse of discretion in the case sub judice. *Stewart v. State*, 210 Ga. App. 474, 476 (5) (436 SE2d 679).

2. After defining reasonable doubt, the trial court also gave the following instruction: "If after giving consideration to all the facts and circumstances of the case, your minds are waivering [sic], unsettled or unsatisfied, then that is the doubt of the law and you *should acquit* the Defendant. . . ." (Emphasis supplied.) In his third enumeration, defendant assigns error to the emphasized portion of this instruction. He contends this language is misleading and unconstitutional, arguing that the word "should" is "not commanding or authoritative. Instead, it is only directional and not instructional."

(a) Although defendant waived his exceptions to the charge by

failing to preserve them after direct inquiry by the trial court, we will review this enumeration pursuant to OCGA § 5-5-24 (c), since proof beyond a reasonable doubt is the "true question" involved in a criminal trial. OCGA § 24-4-5. See also OCGA § 16-1-5.

(b) The charge as a whole is the pattern charge from the Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, Part 2 (D), Suggested General Charges Required in All Criminal Cases (2d ed.) (1991) (revised July 1992), and does not contain the "moral and reasonable certainty" language disapproved of by the Supreme Court of Georgia in *Vance v. State*, 262 Ga. 236, 237 (2), 238, n. 5 (416 SE2d 516). In the instruction in the case sub judice, the term "should acquit" is language of command (see, e.g., *Paradise v. State*, 212 Ga. App. 166, 169 (4), 170 (4b) (441 SE2d 497)), in the event that the jury is not satisfied with the evidence adduced at trial. Defendant's contention that this instruction is misleading and unconstitutional is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 10, 1995.

*Wolfe & Steel, Brian E. Steel,* for appellant.

*Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant District Attorney,* for appellee.