### A99A0508. THOMAS v. THE STATE.
(517 SE2d 585)

Judge Harold R. Banke.

Christopher Thomas, along with his co-defendant, Darelle Ruffin, was convicted of kidnapping and armed robbery. On appeal, Thomas enumerates ten errors.

The underlying crimes occurred shortly after midnight when the victim went to an automobile sales lot to look at a truck he was interested in purchasing. While doing so, a "little red compact car" occupied by four persons pulled in behind him. Brandishing guns, two of the men approached the victim, and one commanded, "[d]on't you run, mother fu----." The other two individuals also approached and a gun was placed to the victim's head. After he was pushed into his assailants' vehicle, he saw one of the men go into his car. While being ordered to lie on the backseat of his assailants' car, the victim's wallet and coins were taken from his pocket. They drove the victim down a nearby dirt road, took him out of the vehicle, and ordered him to lie face down on the ground. One of the men fired a single shot next to the victim's head before fleeing. The victim sought help at a nearby convenience store.

Almost immediately after the victim's 911 call, Officer Mark Smith intercepted a red Toyota Corolla belonging to Thomas, which matched the description on a broadcast lookout, and which was occupied by Thomas and three others. Although the driver managed to flee, the remaining individuals including Thomas were instructed to lie on the ground. From the vehicle, investigators recovered two loaded pistols as well as several credit cards issued in the name of the victim. A GBI agent took statements from all four suspects, including Thomas. Defendants James Keaton and Kevin Payne gave full confessions which implicated Thomas. A search of Thomas' red Toyota revealed several other items belonging to the victim including a pool cue and some cassettes. *Held*:

1. Thomas contends the evidence was not sufficient to sustain his convictions for kidnapping and armed robbery within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We disagree. In addition to the testimony from the victim and

the police, two of Thomas' fellow co-indictees entered guilty pleas and implicated him as a participant. At a minimum, the evidence proved that Thomas was not merely present but was a party to the crimes. *Lunz v. State*, 174 Ga. App. 893, 895 (1) (332 SE2d 37) (1985); see *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980).

2. Thomas contends that the trial court abused its discretion in ruling on the defendants' motion based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) relating to the State's purportedly improper use of peremptory strikes. However, in *Ruffin v. State*, 232 Ga. App. 614, 615 (2) (502 SE2d 551) (1998), the appeal of Thomas' co-defendant, we thoroughly considered and rejected the same arguments. Having reviewed the transcript, we adopt the reasoning and legal analysis of that case. After considering the trial court's findings with great deference, we cannot say they were clearly erroneous. *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996).

3. The trial court properly granted the State's request to cross-examine prosecution witnesses Kevin Payne and James Keaton.

At a prior hearing, both witnesses entered guilty pleas and gave sworn testimony implicating Thomas. But when called to testify in this case, both recanted their earlier sworn statements and developed memory problems. A trial court is authorized to permit leading questions by the party who called the witness when "from the conduct of the witness . . . justice shall require it." OCGA § 24-9-63; see *Hamby v. State*, 158 Ga. App. 265 (1) (279 SE2d 715) (1981).

4. Thomas asserts that the court intimidated a witness, James Keaton, in the presence of the jury in violation of OCGA § 17-8-57. The record belies this allegation. Before giving instructions to the witness, the court excused the jury. Notwithstanding Thomas' claim to the contrary, the court did not express or intimate any opinion as to his guilt. There was no violation of OCGA § 17-8-57. See *Jones v. State*, 268 Ga. 12, 15-16 (5) (483 SE2d 871) (1997).

5. Thomas contends that the court impermissibly assisted the State by providing instructions about the proper way to impeach a witness. Thomas' failure to raise and preserve this issue at trial forecloses any appellate review. *Gude v. State*, 213 Ga. App. 573, 575 (2) (445 SE2d 355) (1994).

6. We reject Thomas' claims that the trial court improperly permitted a prejudicial show of force by law enforcement officers.

Thomas bore the burden of establishing that the security measures which were utilized were so excessive and so inherently prejudicial as to have posed an unacceptable threat to his right to a fair trial. *Young v. State*, 269 Ga. 478, 479 (2) (499 SE2d 60) (1998). This he failed to do. The fact that two law enforcement officers provided an escort to a defense witness did not constitute an excessive show-

ing of force, especially since this witness was under a ten-year sentence for armed robbery and kidnapping. See *Chancey v. State*, 256 Ga. 415, 435 (9) (349 SE2d 717) (1986).

7. Thomas failed to show error in the trial court's application of the rule of sequestration.

After being selected and sworn, the jury was excused for the noon recess. At this point, defense counsel requested that the rule of sequestration be invoked. OCGA § 24-9-61. The court agreed and indicated that this would occur at 1:15 p.m., the time announced for the trial to resume. Although Thomas speculates that several witnesses may have conferred with the prosecutor during the lunch break, Thomas' acquiescence to the court's ruling leaves nothing for our review. See *O'Kelley v. State*, 175 Ga. App. 503, 504-505 (1) (333 SE2d 838) (1985).

8. Thomas contends that the following instruction was error: "[i]f, after giving consideration to all of the facts and circumstances of the case, your minds are wavering and unsettled and unsatisfied, then that is a doubt of the law and you should acquit the defendant." He claims that "must acquit" not "should acquit" is the required language. We previously considered and rejected this contention in *Tyson v. State*, 217 Ga. App. 428, 429-430 (2) (b) (457 SE2d 690) (1995). See *Ruff v. State*, 212 Ga. App. 245 (1) (441 SE2d 534) (1994).

9. Thomas asserts that the court erred by charging: "[y]ou are going to determine the law and the facts in this case." Without question, it is the duty of jurors to take the law from the trial court's instructions and apply that law to the facts proved by the evidence. *State v. Freeman*, 264 Ga. 276, 277 (444 SE2d 80) (1994). Nevertheless, having reviewed the charge as a whole, we do not find that the trial court's apparent verbal misstatement would so clearly have misled or confused the jury as to have constituted reversible error. *Matthews v. State*, 268 Ga. 798, 805 (7) (c) (493 SE2d 136) (1997); *Williams v. State*, 267 Ga. 771, 773 (2) (a) (482 SE2d 288) (1997).

10. Thomas contends that instructing the jury on corroboration was error because the charge presupposed that he was an accomplice to Payne and Keaton. The record refutes this claim. The court charged, "[w]hether or not any witness in this case was an accomplice, is a question for you, the jury, to determine, from the evidence in this case." The charge at issue was adjusted to the evidence and was virtually identical to the pattern instruction on accomplice testimony corroboration. See Suggested Pattern Jury Instructions, Vol. II, pp. 52-53 (1991). We find no error. *Edmond v. State*, 267 Ga. 285, 287-288 (3) (476 SE2d 731) (1996).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 11, 1999 — CERT. APPLIED FOR.

*Ronnie J. Lane*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.