## A01A0971. LYNN v. THE STATE.
(553 SE2d 836)

MILLER, Judge.

Larry Lynn demanded sex from his estranged wife and then stabbed her in the back with a knife when she refused. Holding the knife to her throat, he then forced her to disrobe and partially penetrated her. After she promised to say that she accidentally cut herself, he took her to the hospital, where she escaped from him and told authorities of the assault. A jury found him guilty on two counts: aggravated assault with intent to rape[1] and aggravated assault with

---

[7] *Hernandez v. Commissioner*, 490 U. S. 680, 699 (109 SC 2136, 104 LE2d 766) (1989).
[1] OCGA § 16-5-21 (a) (1).

a deadly weapon.[2] The court gave him the same sentence on each count, with the sentences to run concurrently.

Lynn enumerates three errors: (1) the court gave flawed instructions on reasonable doubt; (2) the court allowed additional testimony from the treating surgeon that the victim's wound was not self-inflicted; and (3) the court failed to merge the two counts before sentencing. We hold that the instructions were adequate and that the surgeon's testimony was properly allowed. As tacitly conceded by the State, however, the failure to merge the two counts was error, which requires that we vacate the convictions and remand for resentencing.

1. The court's instructions on reasonable doubt, although disapproved, do not require a new trial.

(a) Lynn first complains that in a preliminary instruction at the beginning of trial, the court instructed the jury that they "should acquit" if they found reasonable doubt as to Lynn's guilt, and that if they found no reasonable doubt, they had a "responsibility to convict." Lynn argues that the judge should have instructed the jury that they *must* acquit if they found reasonable doubt, and only that they *were authorized* to convict if they found no reasonable doubt.

We have previously considered and rejected the argument that "must acquit" not "should acquit" is the required language when describing the jury's role should they find reasonable doubt.[3] We have consistently approved the "should acquit" language.[4]

The Supreme Court of Georgia has disapproved, however, language that a jury has a responsibility or duty to convict if they find no reasonable doubt.[5] The better language is that in that event the jury would be authorized to convict.[6] Nevertheless, when the disapproved language is used only once in the preliminary instructions, and when, as here, the approved language is used in the closing instructions, the error does not justify a reversal.[7]

(b) Lynn next contends that the court erred in instructing the jury that they were "the sole judges of the guilt or innocence of the defendant." Lynn argues that the jury is concerned not with the innocence of the accused, but with whether the State bears its burden of proving guilt beyond a reasonable doubt. We have long approved the

---

[2] OCGA § 16-5-21 (a) (2).

[3] *Thomas v. State*, 238 Ga. App. 42, 44 (8) (517 SE2d 585) (1999).

[4] *Burns v. State*, 246 Ga. App. 383, 384 (1) (540 SE2d 640) (2000); *Tyson v. State*, 217 Ga. App. 428, 430 (2) (b) (457 SE2d 690) (1995); see *Stansell v. State*, 270 Ga. 147, 151 (4) (510 SE2d 292) (1998) ("duty to acquit").

[5] *Monroe v. State*, 272 Ga. 201, 203 (3) (528 SE2d 504) (2000); *Berry v. State*, 267 Ga. 476, 480 (4) (d) (480 SE2d 32) (1997); *Sutton v. State*, 262 Ga. 181 (2) (415 SE2d 627) (1992).

[6] *Monroe*, supra, 272 Ga. at 203 (3); *Berry*, supra, 267 Ga. at 480 (4); *Sutton*, supra, 262 Ga. at 181 (2).

[7] *Monroe*, supra, 272 Ga. at 203 (3); see *Lemay v. State*, 264 Ga. 263, 266 (4) (443 SE2d 274) (1994); *Marion v. State*, 263 Ga. 358, 359 (3) (434 SE2d 463) (1993).

instruction that the jury is the sole judge of the defendant's guilt or innocence.[8] We see no reason to change that approval now, particularly in light of the trial court's instructions here clearly placing on the State the burden of proving Lynn's guilt beyond a reasonable doubt.

2. A thoracic surgeon who treated the victim testified that the victim had a three-inch-deep stab wound that went straight in or slightly upward. Even though the surgeon was excused after his testimony and left the courtroom, the State later asked the court for leave to recall the surgeon to ask his opinion whether the wound was self-inflicted. Over Lynn's objection, the court allowed the surgeon to return and to testify that the location and nature of the wound indicated that it was not self-inflicted.

(a) Lynn first argues that the court should not have allowed the excused witness to be recalled. A court has broad discretion to allow a witness to be recalled for further examination,[9] even after the State has rested its case and even though the additional testimony is not in rebuttal of evidence offered by the defendant.[10] As we discern no abuse of that discretion here, this argument is without merit.

(b) Lynn then complains that the court erred in assisting the State in laying a foundation for the surgeon's opinion on self-infliction of the wound. At trial, however, Lynn made no objections to the court's actions in this regard. Lynn's failure to raise and preserve this issue at trial forecloses any appellate review.[11]

(c) Lynn claims that the issue of whether the wound was self-inflicted was not beyond the jury's range of knowledge and therefore expert opinion on the matter was erroneously admitted. Expert testimony is appropriate where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves, meaning the conclusion is beyond the range of knowledge of the average layman.[12] Whether stabbing wounds are self-inflicted is a matter beyond the range of knowledge of the average layman.[13] The court did not abuse its discretion in allowing the opinion testimony.[14]

---

[8] *Slaughter v. State*, 217 Ga. App. 449, 451 (3) (459 SE2d 168) (1995); *Padgett v. State*, 205 Ga. App. 576, 577 (1) (423 SE2d 411) (1992); *Robinson v. State*, 164 Ga. App. 652, 657 (6) (297 SE2d 751) (1982); *Wade v. State*, 147 Ga. App. 511 (2) (249 SE2d 323) (1978).

[9] *Clarke v. State*, 241 Ga. App. 186, 191 (2) (526 SE2d 395) (1999); *McGee v. State*, 205 Ga. App. 722, 723 (4) (423 SE2d 666) (1992); *Sweetenburg v. State*, 197 Ga. App. 36, 37 (5) (397 SE2d 451) (1990) ("very broad discretion").

[10] *Porter v. State*, 224 Ga. App. 276, 278 (1) (b) (480 SE2d 291) (1997).

[11] *Thomas*, supra, 238 Ga. App. at 43 (5); see *Hull v. State*, 265 Ga. 757, 761 (7) (462 SE2d 596) (1995), overruled in part on other grounds, *Woods v. State*, 269 Ga. 60, 63 (3) (495 SE2d 282) (1998).

[12] *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981).

[13] *Caldwell v. State*, 245 Ga. App. 630, 633 (4) (538 SE2d 531) (2000).

[14] Id. at 633-634 (4).

3. Lynn complains that in sentencing him the court erroneously considered his prior convictions, even though he had not received notice of such nor were certified convictions submitted. The record reveals, however, that no harm came of this because the court acknowledged problems regarding the prior convictions and therefore did not consider them in issuing its sentences.

4. Citing OCGA § 16-1-7, Lynn contends that the court erred in not merging the two counts prior to sentencing. The State tacitly concedes the point, but maintains that only a remand for resentencing is required.

Count 1 charged Lynn with aggravated assault in that on May 10, 1998, he assaulted the victim, with intent to rape, by holding a knife to her throat and stabbing her in the back.[15] Count 2 charged him with aggravated assault in that on that same date, he assaulted the victim, with a deadly weapon, by holding a knife to the victim's throat and stabbing her in the back.[16] As the evidence showed only one such stabbing and knife-to-throat holding, the counts were clearly based on the same conduct. Under OCGA § 16-1-7, Lynn could be sentenced on only one of the counts.[17] The court should have merged one of the counts into the other and sentenced only on the surviving count.[18] Although the guilty verdicts stand, we must vacate the two convictions and sentences and remand the case to the trial court to merge one of the counts into the other and to resentence on the surviving count.[19]

*Judgment affirmed in part and vacated in part. Case remanded to the trial court for resentencing. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 9, 2001.

*Axam, Adams & Secret, Herbert Adams, Jr.,* for appellant.
*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney,* for appellee.

---

[15] See OCGA § 16-5-21 (a) (1).
[16] See OCGA § 16-5-21 (a) (2).
[17] *Brown v. State,* 246 Ga. App. 60, 64 (1) (539 SE2d 545) (2000); *Davis v. State,* 186 Ga. App. 491, 492 (2) (367 SE2d 884) (1988).
[18] *Kelley v. State,* 201 Ga. App. 343-344 (1) (411 SE2d 276) (1991); see *Rhodes v. State,* 221 Ga. App. 792, 795 (8) (470 SE2d 790) (1996).
[19] See *Wyatt v. State,* 222 Ga. App. 604, 606 (3) (475 SE2d 651) (1996).