# Court of Appeals
# of the State of Georgia

ATLANTA,_____June 06, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1798.  CHRISTOPHER BAINE THOMAS v. THE STATE.**

In 1996, a jury convicted Christopher Baine Thomas of kidnapping and armed robbery. The trial court sentenced him to twenty years to serve on the kidnapping count and ten years to serve on the armed robbery count, to run consecutively. We affirmed Thomas's convictions on appeal. *Thomas v. State*, 238 Ga. App. 42 (517 SE2d 585) (1999).

In 2015, Thomas filed a motion to correct a void sentence, arguing that, in the absence of aggravating factors, the law required his sentences to run concurrently, rather than consecutively. The trial court denied the motion, Thomas appealed, and we dismissed his appeal on the ground that he had not raised a colorable void sentence claim. See Case No. A15A144 (decided April 9, 2015).

In 2016, Thomas filed another motion to correct a void sentence, arguing that the facts require merger of his convictions and concurrent sentences and, thus, his consecutive sentences are illegal and violate the prohibition against double jeopardy. The trial court denied Thomas's motion on April 21, 2016, and Thomas filed this timely notice of appeal. We lack jurisdiction.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Thomas's merger argument, however, is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). Because Thomas has not raised a valid void-sentence claim,

we lack jurisdiction to consider his appeal.[1] See id.; *Harper*, supra, 286 Ga. at 218 (2). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____06/06/2016_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Moreover, Thomas raised the same argument in his 2015 appeal. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Thomas is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rules bar successive void sentence appeals).