**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 5, 2025**

# In the Court of Appeals of Georgia

A25A0004. SCOTT et al v. TURNER.

DILLARD, Presiding Judge.

Jerry Turner filed a medical malpractice action against C. Cullen Scott, M.D., and his employer, Specialty Orthopaedics, P.C.[1] Following trial, the jury rendered a verdict in favor of the Defendants. Turner then moved for a new trial, arguing the trial court provided an erroneous preliminary jury charge on his burden of proof and that its subsequent recharge failed to cure this error. The trial court agreed and granted Turner's motion. On appeal, the Defendants challenge the trial court's ruling, arguing (1) Turner waived any objection to the court's recharge, and (2) the recharge and final

---

[1] We refer to Scott and Specialty Orthopaedics collectively as "the Defendants" throughout this opinion.

jury charge cured the initial error. For the following reasons, we reverse the trial court's grant of Turner's motion for new trial.

Viewed in the light most favorable to the Defendants,[2] the record shows that in April 2018, Turner consulted Scott—an orthopedic surgeon—regarding a knee problem. Following the consultation, Scott recommended a total knee replacement on Turner's left knee, which he then performed on May 7, 2018. Within a few weeks, Turner began exhibiting signs of an infection in the surgically repaired knee. And over the next year and a half, Turner underwent several additional knee surgeries—as well as surgery on his left quadriceps and several rounds of antibiotic treatments—to cure the infection.

On August 25, 2020, Turner filed a lawsuit in the State Court of Gwinnett County against Scott and his employer, Specialty Orthopaedics, P.C., alleging that Scott's professional negligence in failing to promptly diagnose and treat the infection in his knee resulted in significant damages. The Defendants filed an answer, and a lengthy discovery period ensued. Ultimately, in early December 2023, the case

---

[2] *See Am. Infoage, LLC v. Only Sol. Software, LLC*, 362 Ga. App. 706, 707 (870 SE2d 47) (2022) ("Following a jury verdict, we view the evidence in the light most favorable to the prevailing party." (punctuation omitted)).

proceeded to trial. On the first day, after the jury was selected, the trial court provided the jury with preliminary instructions—including this one on Turner's burden of proof:

> In a civil case like this, the plaintiff has the burden of proving his case, and the plaintiff must prove his case by what is known as a preponderance of the evidence. Now, I know y'all are familiar with beyond a reasonable doubt. That doesn't apply in civil cases. In civil cases the burden of proof is the preponderance of the evidence, which means the superior weight or the greater weight of evidence upon the issues involved.
>
> The weight of the evidence need not be enough to completely free the mind from a reasonable doubt. The weight of the evidence must be sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other. If you find that the evidence is evenly balanced on any issue in the case, or if there is any doubt where the preponderance of the evidence lies, it would then be your duty to resolve that issue against the party having the burden of proving that issue.
>
> If you find that the weight of the evidence inclines your mind to one side of the issue rather than the other, although some doubt may remain, then you may still find that the burden of proving that issue has been satisfied by a preponderance of the evidence, because it is not necessary to remove all doubt.

Immediately after the trial court finished giving the preliminary instructions, Turner's counsel requested a bench conference. And during this conference, Turner's counsel objected to the court's instruction on his burden of proof and explanation of preponderance of the evidence. In essence, Turner's counsel argued this charge improperly conflated the criminal burden of proof of beyond a reasonable doubt with the civil preponderance-of-the-evidence burden. More precisely, he contended that by instructing the jury that if it had "any doubt as to where the preponderance of the evidence lies," it would be the jury's "duty to resolve that issue against the party having the burden of proving that issue." Turner's counsel was concerned that the instruction "shows you if they have a reasonable doubt about where the preponderance is, they lose." The trial court initially denied Turner's objection, noting it had merely provided the pattern instruction; but after opening statements, the court revisited the issue and instructed the jury as follows:

> [I]f you'll recall, I gave y'all some preliminary instructions that I thought might be helpful, and I believe one of the instructions on burden of proof was very confusing. . . . I'm going to instruct you on the burden of proof again. In a civil case the plaintiff has the burden of proving his case. The plaintiff must prove his case by what is known as a preponderance of the evidence. Proof by a preponderance of the

4

evidence simply requires the evidence show that something is more likely true than not.

Neither party objected to the recharge, nor asserted that it failed to cure the initial error, and the trial then proceeded.

Following the close of evidence, the trial court held a charge conference, during which it suggested instructing the jury on the burden of proof as follows: "In a civil case the plaintiff has the burden of proving his case. The plaintiff must prove his case by what is known as a preponderance of the evidence. Proof by a preponderance of the evidence simply requires the evidence show that something is more likely true than not." Curiously, Turner's counsel suggested providing the pattern charge on the burden of proof, which contained language similar to the preliminary instruction he objected to when it was given a few days earlier. But after the court and parties discussed a recent decision of this Court, disapproving the current pattern charge on

5

preponderance of the evidence,[3] the trial court stated it would instruct the jury as it suggested at the beginning of the charge conference.

Both parties then gave their closing arguments, and the trial court charged the jury on the applicable law as follows: "In a civil case such as this the plaintiff has the burden of proving his case. The plaintiff must prove his case by what is known as a preponderance of the evidence. Proof by a preponderance of the evidence simply requires that the evidence show that something is more likely true than not." And after concluding its instructions, the trial court directed the jury to begin deliberating and provided the jury with a written copy of the instructions to take with them to the jury room. Again, neither party complained about the jury charges. The jury then rendered a verdict in favor of the Defendants, and the trial court issued a final order and judgment affirming the jury's verdict that same day.

One week later, Turner filed a motion for new trial, arguing the verdict was strongly against the weight of the evidence, the trial court's preliminary jury

---

[3] *See White v. Stanley*, 369 Ga. App. 330, 336-37 (1) (893 SE2d 466) (2023) (holding pattern instruction on the preponderance-of-the-evidence standard applicable in civil cases, which included former evidence code's statutory definition of preponderance of the evidence and referenced the higher burden of proof applicable to criminal cases, posed significant risk of confusing or misleading jury as to applicable burden of proof and was, thus, disapproved).

instruction on burden of proof was erroneous, and its subsequent recharge on that issue failed to cure that error. The Defendants filed a response, and several months later, the trial court held a hearing, in which it acknowledged the initial preliminary instruction on burden of proof and preponderance of the evidence was based on the outdated pattern charge. The trial court also expressed doubt that the corrected instruction it provided just after opening statements clarified matters. Even so, at the conclusion of the hearing, the trial court took the matter under advisement. Later, on May 1, 2024, the trial court granted Turner's motion for new trial. In doing so, the court focused its decision on the preliminary jury instruction it gave on burden of proof and preponderance of the evidence, noting that this initial instruction was erroneous and the subsequent recharge failed to cure the error. The Defendants subsequently filed an application for interlocutory appeal, which we granted. This appeal follows.

The Defendants contend the trial court erred in granting Turner's motion for new trial because (1) he never objected to the court's recharge or its final charge, and thus waived any objection to those charges, and (2) the court's recharge adequately cured the initial error. But regardless of whether Turner waived any objection, we

agree the recharge and final jury instruction cured the initial error, and so we reverse the trial court's ruling.

OCGA § 5-5-50 provides that "[t]he first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." But we review *de novo* an allegedly erroneous jury instruction, which is a question of law.[4] And in assessing the assertion of an erroneous jury instruction, the instruction "must be evaluated in the context of the trial court's jury instructions as a whole."[5] Indeed, the only requirement regarding jury charges is that they were, as given, "correct statements of the law and, as a whole,

---

[4] *Wright v. State*, 365 Ga. App. 288, 289 (1) (878 SE2d 137) (2022); *accord Johnson v. State*, 323 Ga. App. 65, 68 (2) (744 SE2d 921) (2013); *see Walker v. State*, 311 Ga. 719, 722 (2) (859 SE2d 25) (2021) ("Whether the evidence was sufficient to warrant the requested instruction is a legal question, which we review *de novo*." (punctuation omitted)).

[5] *Wright*, 365 Ga. App. at 289 (1) (punctuation omitted); *see Walker*, 311 Ga. at 724 (3) ("When we are presented with a claim that a particular instruction is misleading, we do not evaluate jury charges in isolation, but rather consider them as a whole to determine whether there is a reasonable likelihood the jury improperly applied a challenged instruction." (punctuation omitted)); *Fassnacht v. Moler*, 358 Ga. App. 463, 475 (1) (b) (855 SE2d 692) (2021) (explaining that jury charges and recharges must be read as a whole).

would not mislead a jury of ordinary intelligence."[6] An erroneous charge, then, does not warrant a reversal "unless it was harmful and, in determining harm, the entirety of the jury instructions must be considered."[7] That said, we have held that erroneous charges are "presumed to be prejudicial and harmful, but this is not conclusive because the presumption of harm which arises from a charging error may be overcome by a review of the record as a whole."[8]

Here, the parties do not dispute the trial court's preliminary instruction on preponderance of the evidence was erroneous because it could be construed as suggesting the jury needed to resolve any doubts against Turner. And to be sure, in

---

[6] *Wright*, 365 Ga. App. at 289 (1) (punctuation omitted); *accord Pye v. State*, 322 Ga. App. 125, 129 (2) (742 SE2d 770) (2013).

[7] *Wright*, 365 Ga. App. at 289 (1) (punctuation omitted); *accord Williams v. State*, 267 Ga. 771, 773 (2) (a) (482 SE2d 288) (1997); *Mubarak v. State*, 305 Ga. App. 419, 421 (2) (699 SE2d 788) (2010).

[8] *Payne v. Thompson*, 234 Ga. App. 533, 533 (507 SE2d 257) (1998) (punctuation omitted); *see Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988) ("When an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this [C]ourt will so hold unless it appears from the entire record that the error is harmless." (punctuation omitted)); *Thomas v. Emory Clinic, Inc.*, 321 Ga. App. 457, 461 (1) (d) (739 SE2d 138) (2013) ("[E]rror is presumed hurtful unless it appears to have had no effect upon the result of the trial." (punctuation omitted)).

*White v. Stanley*,[9] we held that a similar instruction—which the trial court took from the then-current pattern instructions[10]—confusingly "drew the jury's attention to the reasonable-doubt standard without explaining the important differences between the civil and criminal standards of proof or making clear that the higher burden applied in criminal cases did not apply in this particular civil case."[11] Rather, we explained the instruction should have tracked the definition of "preponderance of the evidence" used by federal courts—including the Eleventh Circuit and the Supreme Court of the United States—and the Supreme Court of Georgia, which "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."[12]

---

[9] 369 Ga. App. 330 (893 SE2d 466) (2023).

[10] *See id.* at 337 (1) n.22 (noting "the trial court's instruction was nearly identical to the current suggested pattern jury instruction on preponderance of the evidence that somehow survived the repeal of our prior evidence code").

[11] *Id.* at 336-37 (1);

[12] *Id.* at 335 (1) (punctuation omitted); *accord Concrete Pipe & Prod. of Cali., Inc. v. Constr. Laborers Pension Tr. for S. Cali.*, 508 U.S. 602, 622 (1) (a) (113 SCt 2264, 124 LE2d 539) (1993); *Stevedore Co. v. Rambo*, 521 U.S. 121, 137 (II) n.9 (117 SCt 1953, 138 LE2d 327) (1997); *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F3d 307, 313 (1) (1st Cir. 2016); *United States v. Almedina*, 686 F3d 1312, 1315 (III) (11th Cir. 2012); *United States v. Trainor*, 376 F3d 1325, 1331 (III) (A) (11th Cir. 2004); *see White v. State*, 307 Ga. 601, 607 (3) (b) (837 SE2d 838) (2020) ("Proof by a preponderance simply requires that the evidence show that something is more likely true than not.").

Even so, the trial court revisited this issue just after the parties' opening statements and before the introduction of any evidence, specifically telling the jury that its instruction on the burden of proof "was very confusing" and, therefore, it was "going to instruct [the jury] on the burden of proof again." The trial court then recharged the jury that "[t]he plaintiff must prove his case by what is known as a preponderance of the evidence. Proof by a preponderance of the evidence simply requires the evidence show that something is more likely true than not."

The parties agree that both the trial court's instruction following opening arguments and its final instruction were both accurate statements of law. But Turner contended in his motion for new trial (and the trial court agreed), that neither the recharge nor the nearly identical charge to the jury just before it began its deliberations cured the error from the preliminary instruction. The Defendants, in contrast, maintain the trial court's recharge and final jury charge sufficiently cured the initial error. We agree with the Defendants. The trial court may (and should) correct errors in a charge by "calling attention to the erroneous parts of the charge and giving the

jury the correct rule."[13] An initial erroneous charge, then, is cured when "the context clearly shows a modification of the erroneous rule."[14]

Here, before the parties submitted any evidence, the trial court revisited its preliminary instruction, explicitly telling the jury that its initial instruction on the burden of proof was "very confusing," and then stated it was going to instruct the jury "on the burden of proof again." The trial court then recharged the jury with a simple and undisputedly correct statement of law, explaining both the burden of proof and preponderance of the evidence. And after the parties rested and made their closing arguments, the trial court repeated this correct recitation of the law in its final instructions to the jury and provided it with a written copy of those same instructions for reference during its deliberations.

Given these circumstances, the trial court's initial charge—which was explicitly referred to by the court as "confusing" and corrected twice with an accurate statement of the law—did not cause irreparable harm. And concluding otherwise

---

[13] *Fassnacht*, 358 Ga. App. at 472 (1) (a) (punctuation omitted); *accord Floyd v. State*, 277 Ga. App. 166, 167-168 (626 SE2d 149) (2006).

[14] *Fassnacht*, 358 Ga. App. at 472 (1) (a) (punctuation omitted); *accord Grooms v. Grooms*, 141 Ga. 478, 480 (81 SE 210) (1914).

would contradict longstanding authority that "the jury is presumed to follow the instructions of the trial court absent clear evidence to the contrary."[15] Indeed, when "disapproved language is used only once in the preliminary instructions, and when, as here, the approved language is used in the closing instructions, the error does not justify a reversal."[16] So, while the trial court erred in its preliminary instruction to the jury on the burden of proof and preponderance of the evidence, the recharge and final charge to the jury "clarified the issue and corrected any error."[17] As a result, the trial

---

[15] *Bristol Consulting Grp., Inc. v. D2 Prop. Grp., LLC*, 366 Ga. App. 843, 848 (1) (884 SE2d 546) (2023) (punctuation omitted); *accord Ash v. State*, 312 Ga. 771, 781 (2) (865 SE2d 150) (2021); *see Lofton v. State*, 309 Ga. 349, 366 (6) (b) (iv) (846 SE2d 57) (2020) (explaining that appellate courts presume that juries follow the trial courts' instructions).

[16] *Lynn v. State*, 251 Ga. App. 155, 156 (1) (a) (553 SE2d 836) (2001) (punctuation omitted). *Cf. Tillman v. Massey*, 281 Ga. 291, 294 (1) (637 SE2d 720) (2006) (noting that "[a]s a general rule, preliminary instructions given before evidence is presented cannot serve as a substitute for complete jury instructions required by OCGA § 5-5-24 (b) after closing arguments are completed" (punctuation omitted)).

[17] *Fassnacht*, 358 Ga. App. at 473 (1) (a) (punctuation omitted); *see Dixson v. State*, 269 Ga. 898, 900 (4) (506 SE2d 128) (1998) (holding error in trial court's preliminary instructions, which suggested that defendant had burden to produce evidence of his innocence was corrected satisfactorily when trial court, at the end of the evidentiary phase, instructed jury on correct burden of proof); *Cochran v. State*, 256 Ga. 113, 115 (7) (344 SE2d 402) (1986) (ruling trial court's incorrect preliminary instructions to the jury during voir dire as to the state's burden of proof was corrected

court erred in granting Turner's motion for new trial on this ground, and we therefore reverse that ruling.

*Judgment reversed. Mercier, C. J., and Land, J., concur.*

---

satisfactorily when court instructed the jury properly at the close of the trial); *Fassnacht*, 358 Ga. App. at 472-73 (1) (a) (explaining trial court's initial erroneous punitive damages jury instruction, which failed to correctly instruct jury on the burden of proof and legal standard for making the threshold determination necessary for imposing punitive damages, was cured by court's recharge providing jury with correct instruction on issue); *Lynn*, 251 Ga. App. at 156 (1) (a) (concluding defendant was not entitled to a new trial based on the court's use of disapproved language in its preliminary jury instruction given that such language was used only once, and correct language was used in the closing jury instructions).